Emilio Remy Liger, demandante y apelado, *v.* Luis Muñoz Morales y Rafael Alvarez Torre, demandados y apelantes.

No. 3689.—*Resuelto:* Enero 25, 1926.

Apelación y Error—Récord y Procedimientos que no Están en Récord—Contenido, Preparación y Aprobación de la Exposición del Caso o Relación de Hechos—Aprobación del Mismo—Juez Sentenciador que Deja de Ser Tal Funcionario.—El Juez sentenciador, una vez que deja de ser tal funcionario, tiene autoridad para aprobar una exposición del caso y, para ello, no necesita autorización previa alguna del juez de distrito regular.

Moción del apelado sobre reconsideración de orden concediendo al apelante término para presentar el *transcript* de apelación y alegato. *Denegada.*

Leopoldo Feliú, abogado de los apelantes; A. Marín Marién, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

[1] El apelado en diferentes mociones anteriores y contestaciones ha tratado de convencernos de que los apelantes han sido negligentes. Esta corte, sin embargo, por mayoría de votos, no ha considerado la negligencia tan grande que prive a los demandados de su apelación. En una moción de reconsideración y en un escrito de oposición a otra prórroga del término el apelado insiste en que los apelantes han sido negligentes al no obtener las debidas órdenes de la corte de distrito ordenando la ultimación por el juez que conoció del caso y cuyo término de su cargo venció antes de que pudiera hacerse la aprobación de los procedimientos que no están en los autos. La teoría es que un pliego o exposición del caso no puede ser firmado o aprobado a menos que sea por virtud de una orden de la corte de distrito. El juez sentenciador aparentemente creyó que no tenía facultad para actuar sin tal orden. No inferimos tal conclusión de una lectura de la ley. El artículo 219 del Código de Enjuiciamiento Civil prescribe: " * * * Un juez o funcionario judicial podrá aprobar y firmar un pliego de excepciones aun después que dejare de ser tal juez o funcionario judicial." La autoridad del juez sentenciador para la aprobación queda, por tanto, fijada y no necesita ninguna autorización del juez de distrito regular para hacer tal aprobación.

Hubo diversidad de criterio en cuanto al punto de si puesto que esta corte había reinstalado el caso, los apelantes, dadas las circunstancias, no estaban obligados a ejercitar mayor diligencia de la que realmente han desplegado. La mayoría de la corte, sin embargo, es de opinión de que el deber principal de los apelantes era hacer que la exposición del caso fuera a manos del secretario y luego acelerar a este funcionario y quizás al juez sentenciador en tanto fuera decoroso. Encontramos que la exposición llegó a poder del secretario sin una demora imperdonable. Subsiguientemente no vemos tal abandono por parte de los apelantes

que justifique una desestimación.   Parte de la demora es muy probable que se debiera al recargo de trabajo de la oficina del secretario de la Corte de Distrito de San Juan y parte se originó por un mal entendimiento de la ley como hemos indicado en el párrafo anterior.

*La moción de reconsideración debe ser denegada* y como el juez sentenciador ha señalado el día 28 de enero para la aprobación de la exposición, el término para presentar la transcripción se amplía por la presente a diez días más a partir del 29 de enero de 1926.

Los Jueces Sres. Presidente del Toro y Asociado Franco Soto, disintieron.